THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
In the Matter of the Care and Treatment of James Bennington,
 
 
 

Appeal From Lexington County
Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2003-UP-725
Submitted October 15, 2003  Filed December 
 16, 2003

AFFIRMED

 
 
 
Jonathan R. Hendrix, of Lexington, for Appellant. 
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Deputy Attorney General Treva Ashworth, Assistant 
 Attorney General Deborah R. J. Shupe, and Assistant Attorney General R. Westmoreland 
 Clarkson, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  James Bennington appeals the circuit 
 courts denial of his request for two separate annual review hearings on his 
 status as a sexually violent predator.  We affirm. [1] 
FACTS AND PROCEDURAL HISTORY
In 1989, Bennington pled guilty to three counts of 
 contributing to the delinquency of a minor.  In 1992, he pled guilty to one 
 count of criminal sexual conduct with a minor, second degree, and one count 
 of contributing to the delinquency of a minor.  At the conclusion of his sentence, 
 Bennington was committed to the Department of Mental Health as a sexually violent 
 predator pursuant to a petition by the State. 
Approximately a year later, Benningtons mental status 
 was reviewed as required by South Carolinas Sexually Violent Predator Act.  
 At that time, he was determined to still be a very high risk for re-offending.  
 Nevertheless, Bennington exercised his right to petition for release against 
 the recommendation of his treatment providers.  His petition and the annual 
 review report were forwarded to the circuit court.  A hearing was not scheduled 
 until after a second annual review report was prepared.   Bennington, once again 
 against the recommendation that he remain confined despite his progress, filed 
 a second petition to be released.  
Bennington moved to have separate hearings on his 
 two annual review reports.  In the interest of judicial economy, the court denied 
 the request for separate hearings but determined separate rulings would be made 
 for each report.  In its ruling, the court noted there was no indication Bennington 
 would suffer prejudice because only one hearing was held.  In its order, the 
 court found no probable cause to believe based on the 2001 report that Benningtons 
 mental abnormality had so changed that he is safe to be released.  Thus the 
 court concluded there was no basis for a trial on the issue.  The court reached 
 the same finding and conclusion regarding the 2002 report. 
LAW/ANALYSIS
The Sexually Violent Predator Act requires an annual 
 examination of the mental condition of each person committed pursuant to the 
 act.  S.C. Code Ann. § 44-48-110 (2002).  The annual report must be provided 
 to the court that committed the person, which must then hold an annual hearing 
 to review the persons status.  Id.  Bennington argues the trial court 
 erred in failing to hold two separate hearings on his 2001 and 2002 annual reviews.  
 We find no error.  
Bennington does not challenge the courts failure 
 to hold a hearing in 2001 on his 2001 annual review, contending only that he 
 was entitled to two separate hearings.  Although the court held one hearing, 
 it considered each annual review and Benningtons status for that year separately.  
 We cannot determine how Bennington would have benefited from receiving two separate 
 hearings after his 2002 annual review report was already completed.  Because 
 he has not argued he suffered any prejudice by the courts refusal to hold separate 
 hearings, a reversal of the courts decision to hold one hearing is not warranted.  
 McKissick v. J.F. Cleckley & Co., 325 S.C. 327, 350, 479 S.E.2d 67, 
 78 (Ct. App. 1996) (noting that an appellant must show both error and prejudice 
 for reversal).  Therefore, the order on appeal is 
AFFIRMED.
 HUFF, STILWELL, and BEATTY, JJ., concur.

 
 
 [1]        We decide this case without oral argument pursuant to Rule 
 215, SCACR.